NEALE, d. b. a HOWLAND TAVERN, Plaintiff-Appellant, v. BOARD OF LIQUOR CONTROL, Defendant-Appellee.

Ohio Appeals, Tenth District, Franklin County.

No. 5956.   Decided March 10, 1959.

John T. Feighan, Jr., Joseph Cracium, Cleveland, for plaintiff-appellant.

Mark McElroy, Atty. Genl., John W. Leibold, Asst. Atty. Genl., Columbus, for defendant-appellee.

### OPINION

By MILLER, J.

This is a law appeal from a judgment of the Common Pleas Court, affirming an order of the Board of Liquor Control rejecting the appellant's application for a new D-5 permit. This order of rejection found that:

"* * * the appellant is not the owner and operator of a night club at the proposed location, in that she does not, in connection with the conduct of this business, furnish one or more forms of amusement for a

consideration, and that by reason thereof is not entitled to a Class D-5 permit."

The Common Pleas Court found that the order of the Board was supported by reliable, probative and substantial evidence and affirmed the order rejecting the application. The Board based its finding, that the appellant was not the operator of the night club, on the fact that she did not furnish the type of entertainment as required of a night club as the term is defined in §4301.01 (B) (15) R. C. This section reads as follows:

" 'Night Club' means a place habitually operated for profit after the hour of midnight, where food is served for consumption on the premises and one or more forms of amusement are provided or permitted for a consideration which may be in the form of a cover charge or may be included in the price of the food and beverages, or both, purchased by the patrons thereof."

In its judgment entry, the Common Pleas Court did not state its reason for finding that the judgment was supported by the proper degree of proof but, in its opinion, stated that the appellant was not the owner and operator of a night club for the reason that:

"The evidence conclusively disclosed that appellant, although operating or attempting to operate for over a year, had not done so at a profit and that there was at best but an occasional serving of food on the premises."

This observation of the trial judge was based upon the appellant's own testimony and is not refuted anywhere in the record.

Counsel for the appellant urges that the appeal to the Common Pleas Court was upon questions of law, and that the court was limited in its factual findings to those found by the Board. We agree that the appeal was on questions of law only as the case was tried upon the record made before the Board and without the offering of any additional reference. See **Andrews v. Board of Liquor Control, 164 Oh St 275.** But, certainly facts admitted in the record even though not mentioned by the Board in its finding that the defendant was not the operator of a night club may be considered by the court in determining whether or not the appellant was the owner and operator of a night club, as defined in §4301.01 (B) (15) R. C.

In the case of **Henry v. Henry, 157 Oh St 319,** it is said in **paragraph 1** of the syllabus:

"1. Where a judgment of the Common Pleas Court depends upon the evidence and inferences to be drawn therefrom, then on an appeal on questions of law only the Court of Appeals is ordinarily authorized to modify that judgment only where the evidence is such as to require such modification as a matter of law."

If a judgment may be modified on a law appeal where the evidence is such as to require a modification of the judgment, it appears to this court that a judgment may be affirmed if based upon conclusive facts found in the record and is in accordance with law.

We have examined the well-considered opinion of Judge Reynolds and are in accord with the legal pronouncement and reasoning applicable thereto as announced in the same.

Finding no prejudicial error in the record, the judgment will be affirmed.

DUFFY, J, concurs.
BRYANT, PJ, not participating.